UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                             Case No. 10-63884

TIMOTHY W. MCKAY,                      Chapter 7

        Debtor.                                   Judge Thomas J. Tucker
_____/

**OPINION AND ORDER DENYING THE DEBTOR'S MOTION TO HOLD
DTE ENERGY COMPANY IN CONTEMPT
FOR VIOLATION OF THE DISCHARGE INJUNCTION**

This case came before the Court on April 8, 2020, for a second hearing on the Debtor's motion entitled "Debtor's Motion to Pursue Creditor DTE Energy's Violation of Discharge Injunction" (Docket # 72, the "Motion"). The Debtor's attorney and the attorney for DTE Energy Company ("DTE") each appeared at the hearing, by telephone. At the conclusion of the April 8, 2020 hearing, the Court took the Motion under advisement.

As discussed during the hearing, the Debtor's success on the Motion depends, in part, on the Debtor's prevailing on the following threshold issue: whether it is, or can be, a violation of the discharge injunction under 11 U.S.C. § 524(a)(2) for a creditor to sell or otherwise transfer to a third party a claim that has been discharged in bankruptcy. The parties disagree about this issue, and have made their arguments in written briefs[1] and during the two hearings held on the Motion, on March 18, 2020 and April 8, 2020.

In this case, it is undisputed that on or about October 31, 2017, as part of a bulk sale of roughly 306,759 accounts, DTE sold any and all of the claims it had against the Debtor to Jefferson Capital Systems, L.L.C.[2] According to the Debtor, this included a claim that was

---

[1] Docket ## 82, 83.

[2] *See* Purchase and Sale Agreement (Docket # 80) and Ex. C thereto (Closing Statement).

previously discharged, by the discharge order entered in this case on November 1, 2011.[3]

The Debtor contends that DTE's sale of the discharged claim to Jefferson Capital Systems, LLC was itself a violation by DTE of the discharge injunction under 11 U.S.C. § 524(a)(2). In pertinent part, § 524(a)(2) states:

> (a) A discharge in a case under this title—
> . . .
>
> (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any [debt discharged under section 727] as a personal liability of the debtor, whether or not discharge of such debt is waived[.]

11 U.S.C. § 524(a)(2). The Debtor cites two cases that support his position: *In re Lafferty*, 229 B.R. 707, 712-15 (Bankr. N.D. Ohio 1998) and *In re Nassoko*, 405 B.R 515, 520-22 (Bankr. S.D. N.Y. 2009).

DTE, on the other hand, argues that the mere sale to a third party of a discharged debt cannot be deemed a violation of the § 524(a)(2) discharge injunction. DTE cites one case that supports its position: *Finnie v. First Union Nat'l Bank*, 275 B.R. 743, 745-46 (E.D. Va. 2002).

The Court has carefully considered the arguments of the parties, and the cases cited by the parties. The Court finds the reasoning and holding of the *Finnie* case persuasive, and agrees with that case. And the Court respectfully disagrees with the *Lafferty* case and the *Nassoko* case, cited by the Debtor.

The Court agrees with the *Finnie* case's conclusions that under the "plain meaning" of § 524(a)(2), that "statute's prohibitions apply only to actions taken by a creditor to collect *from* the debtor," and that "[a]bsent an agency relationship between the seller of a discharged debt and

---

[3] Docket # 65.

the purchaser of that debt, . . . the seller of a discharged debt is not liable for the purchaser's subsequent attempt to collect on that debt." *Finnie*, 275 B.R. at 746 (italics in original) (footnote omitted).

For these reasons, the Court concludes that DTE's sale of its discharged claim against the Debtor to Jefferson Capital Systems, LLC, was not a violation by DTE of the discharge injunction under 11 U.S.C. § 524(a)(2). It follows from this that the Debtor's Motion must be denied. Accordingly,

IT IS ORDERED that the Motion (Docket # 72) is denied.

**Signed on April 8, 2020**

/s/ Thomas J. Tucker
Thomas J. Tucker
United States Bankruptcy Judge